## Lot Hall *versus* John Baylies.

Where the plaintiff in replevin deposited in the hands of a surety in the replevin bond a sum of money equivalent to the penalty of the bond, with a direction to apply it in discharge of any liability that the surety might incur under the bond, it was *held*, that the surety was thereby rendered a competent witness.

This was replevin for ten head of neat cattle.

At the trial, before *Wilde* J., the plaintiff offered one Arnold as a witness ; but he was objected to by the defendant, on the ground, that he was a surety in the replevin bond given by the plaintiff. The penalty of the bond was the sum of $ 500.

The plaintiff thereupon placed in the hands of Arnold the sum of $ 500, together with a written direction to him to appropriate it in discharge of his liability on the bond, in case he should ultimately be called upon to pay it, but otherwise, to return the money to the plaintiff.

The defendant objected, that Arnold was still incompetent ; but the judge overruled the objection.

It appeared, that the cattle replevied, were soon afterwards sold by the plaintiff.

The jury returned a verdict for the plaintiff.

If Arnold was rightly admitted to testify, judgment was to be entered on the verdict ; otherwise a new trial was to be granted.

*Mann* and *S. Williams*, for the defendant. Arnold is *Oct. 23d.* clearly not a neutral witness. " A witness is interested in the event of the suit, if the record would be the instrument of securing to him some advantage, or of repelling some charge against him or *claim upon him* in a future proceeding." 2 Stark. Evid. 747, 746. Where a release is given, the releasee becomes competent, because his interest is extinguished. Arnold's interest was not extinguished ; at most, it was only balanced by the creation of an opposite interest, and this, by a transaction wholly foreign to the original proceeding.

But there is no certainty, that his interest in the event of the suit was even balanced. The property replevied cannot

Hall
*v.*
Baylies.

be returned, and the sum placed in his hands was only equal to the penalty of the bond. It is not improbable that the costs will exceed the value of the property. If so, he would be liable *for interest* beyond the penalty. *Harris* v. *Clap*, 1 Mass. R. 308.

It is a rule of law, that one cannot, by voluntarily incurring an interest in the event of a suit, as by betting, &c., deprive a party of his testimony. How is it, that he can confer upon a party the benefit of his testimony by voluntarily incurring an interest ? 2 Stark. on Evid. 750, 751, and the cases there cited. But this rule has always been held subject to this limitation, namely, that if the interest be created by the act of the law, or *by the concurrence of the party calling him*, the interest so created disqualifies. Here the plaintiff procured the witness to become his surety.

If Arnold was rendered competent, could he, after testifying, give the same money to another surety and qualify him ? Can any third person, who chooses, from hostility to one party, or any other motive, to thrust himself into a case, qualify witnesses by creating an equipoise of interest ? If an equipoise of interest be sufficient to render a witness competent, it may be created by mortgage of real estate, pledge of personal property, or in any other way, as well as by a deposit of money in the hands of the witness.

It is believed to be a universal rule, that a person shall never give a judgment in evidence in his own favor, where the verdict upon which the judgment was rendered, was procured by his own testimony. If a witness be interested in the event of the suit *at the time when he testifies*, he can never use the judgment he has assisted in procuring. This would be, to do circuitously, what cannot be done directly. 1 Stark. on Evid. 186, 196, 218 ; *Richardson* v. *Williams*, 12 Mod. 319 ; *Gibson* v. *M'Carty*, Cases Temp. Hardw. 312 ; *Rex* v. *Boston*, 4 East, 581 ; *Burdon* v. *Browning*, 1 Taunt. 520 , *Smith* v. *Rummens*, 1 Campb. 9 ; *Hathaway* v. *Barrow*, 1 Campb. 151 ; Phillips on Evid. (6th edit.) 320 ; Peake on Evid. (3d ed.) 41, 47. This rule must be violated, or Arnold, if sued upon his bond, must be debarred from using the judgment rendered in this case.

W. *Baylies* and *Sproat*, for the plaintiff, cited 2 Stark. on Evid. 744 ; 15 Petersdorff's Abr. 412 ; Roscoe on Evid. 93 ; *Birt* v. *Kershaw*, 2 East, 458.

*Per Curiam.* It is impossible to distinguish this case from that of *Allen* v. *Hawks*, 13 Pick. 79, where this point was fully considered. There the witness offered, had given his receipt to the officer for the goods attached ; here he is surety on the replevin bond. In both cases he is subject to a contingent liability, depending on the event of the suit. In this case the whole amount of the penalty of the replevin bond was deposited with the witness, and we cannot perceive that in any event his liability can go beyond that. He has, therefore, in this case, as the witness had in that, a sum of money at his own disposal, sufficient to meet and extinguish any responsibility which any event of the suit may cast upon him. The distinction between an extinguishment of the interest by a release, and by a sum of money sufficient to enable the witness to extinguish it without the intervention of any other act, was fully considered in the case cited. See *Fees* v. *Smith*, 2 Moody & Robinson, 329.

*Judgment on the verdict.*